UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SALON DARE, INC.,

          Plaintiff,

    v.

SENTINEL INSURANCE COMPANY, LTD, et al.,

          Defendants.

Civil Action No. 20-9616 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court upon Defendant Sentinel Insurance Company, Ltd.'s ("Sentinel") Motion for Judgment on the Pleadings. (ECF No. 17.) Plaintiff Salon Dare, Inc. ("Salon Dare") opposed (ECF No. 21), and Sentinel replied (ECF No. 22). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Sentinel's Motion is granted.

**I.    BACKGROUND**

This case is one of many insurance coverage disputes arising from the COVID-19 pandemic. Salon Dare owns and operates a beauty salon in New Jersey that was insured by a policy issued by Sentinel. (Compl. ¶¶ 3, 7, ECF No. 1.) The policy provides coverage for (1) losses and expenses incurred when the business is suspended due to physical loss of or damage to the property and (2) certain business interruptions caused by a civil authority. (*Id.* ¶¶ 44–50.) Excluded from coverage is any "loss or damage caused directly or indirectly by" the "[p]resence, growth,

proliferation, spread or any activity of 'fungi', wet rot, dry rot, bacteria or virus" (the "Virus Exclusion"). (Policy *133,[1] § A.2.i., Ex. 6 to Compl., ECF No. 1-6; Compl. ¶ 60.)

On March 9, 2020, Governor Philip Murphy declared a state of emergency in New Jersey in response to the COVID-19 pandemic. (Compl. ¶¶ 20–21.) On March 21, 2020, Governor Murphy issued executive orders that directed the closure of certain businesses, including beauty salons. (*Id.* ¶¶ 24–25, 28–29.) Consequently, Salon Dare closed its business and filed a claim under the policy, which Sentinel denied. (*Id.* ¶¶ 3, 56.)

On July 29, 2020, Salon Dare filed the instant six-count action against Sentinel. (*See* Compl.) Counts Two, Four, and Six respectively allege that Sentinel breached the policy's business expense, civil authority, and extra expense provisions. (*Id.* ¶¶ 66–73, 79–85, 91–95.) Counts One, Three, and Five seek judgments declaring that coverage is due under the same provisions. (*Id.* ¶¶ 61–65, 74–48, 85–89.) On January 4, 2021, Sentinel moved for judgment on the pleadings. (*See* Def.'s Moving Br., ECF No. 17.) Salon Dare opposed on January 26, 2021, (*see* Pl.'s Opp'n Br., ECF No. 20), and Sentinel replied on February 8, 2021 (*see* ECF No. 21).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standards governing Rule 12(c) motions are the same ones that govern motions to dismiss under Rule 12(b)(6)." *Allah v. Hayman*, 442 F. App'x 632, 635 (3d Cir. 2011) (citing *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004)). "Like Rule 12(b)(6), Rule 12(c) requires the Court [to] 'accept the allegations in the complaint as true[] and draw all reasonable factual inferences in favor of the plaintiff.'" *Syncsort Inc. v. Sequential Software, Inc.*, 50 F. Supp. 2d 318,

---

[1] Page numbers preceded by an asterisk refer to the page number on the ECF header.

324 (D.N.J. 1999) (quoting *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991)). A court may grant a motion for judgment on the pleadings only if the movant "clearly establishes that no material issue of fact remains to be resolved and that [the movant] is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (citation omitted).

### III.  DISCUSSION

Sentinel argues that it "is entitled to judgment on the pleadings because the Virus Exclusion in the Policy removes any possibility of coverage for [Salon Dare's] virus-related business losses." (Def.'s Moving Br. 7.) The Court agrees.

Under New Jersey law, the determination of "the proper coverage of an insurance contract is a question of law."[2] *Buczek v. Cont'l Cas. Ins. Co.*, 378 F.3d 284, 288 (3d Cir. 2004) (citation omitted). "In attempting to discern the meaning of a provision in an insurance contract, the plain language is ordinarily the most direct route." *Chubb Custom Ins. Co. v. Prudential Ins. Co. of Am.*, 948 A.2d 1285, 1289 (N.J. 2008). "If the language is clear, that is the end of the inquiry." *Id.* "If the plain language of the policy is unambiguous," the Court should "not engage in a strained construction to support the imposition of liability or write a better policy for the insured than the one purchased." *Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 129 A.3d 1069, 1075 (N.J. 2016) (quoting *Chubb Custom Ins. Co.*, 948 A.2d at 1289).

Insurance policy exclusions should be narrowly construed and "the burden is on the insurer to bring the case within the exclusion." *Princeton Ins. Co. v. Chunmuang*, 698 A.2d 9, 16–17 (N.J. 1997) (citation omitted). Nevertheless, exclusions "are presumptively valid and will be given effect if 'specific, plain, clear, prominent, and not contrary to public policy.'" *Id.* at 17 (*Doto v. Russo*, 659 A.2d 1371, 1378 (N.J. 1995)).

---

[2] The parties do not dispute that New Jersey law applies.

Here, the policy provides that coverage is excluded for any "loss or damage caused directly or indirectly by" the "[p]resence, growth, proliferation, spread or any activity of 'fungi', wet rot, dry rot, bacteria or virus." (Policy *133, § A.2.i.) According to Salon Dare, the "plain language of the virus is ambiguous as to whether the unprecedented circumstances of COVID-19 fall within this exclusion." (Pl.'s Opp'n Br. 10.) Since the briefing of this Motion, however, this Court and "a significant number of [other] courts . . . have analyzed virus exclusion clauses that were identical or highly similar to the one" at issue here and consistently reached the same conclusion: the Virus Exclusion unambiguously bars coverage. *See Arrow Health & Racquet Club, LLC v. Twin City Fire Ins. Co.*, No. 20-8968, 2021 WL 2525739, at *3 (D.N.J. June 21, 2021) (citation omitted) (granting insurer's motion for judgment on the pleadings and finding that an identical virus exclusion unambiguously barred coverage) (collecting cases). In fact, another court in this District considered the same virus exclusion in a policy issued by Sentinel and found that the exclusion unambiguously precluded coverage for losses caused by a virus, including COVID-19. *Stern & Eisenberg, P.C. v. Sentinel Ins. Co.*, No. 20-11277, --- F. Supp. 3d ----, 2021 WL 1422860, at *5 (D.N.J. Apr. 14, 2021) (granting Sentinel's motion to dismiss).

Based on the foregoing, the Court again reaches the same conclusion and finds that the Virus Exclusion clearly and unambiguously bars coverage for Salon Dare's claims.[3] Accordingly, for the reasons set forth above and for other good cause shown,

**IT IS** on this ___6th___ day of August 2021 **ORDERED** that:

1. Sentinel's Motion for Judgment on the Pleadings (ECF No. 17) is **GRANTED**.

---

[3] Salon Dare's remaining argument is unavailing. Salon Dare argues that the Virus Exclusion is inapplicable because the Complaint does not allege that Salon Dare "suffered any confirmed cases of COVID-19 in its establishment." (Pl.'s Opp'n Br. 9–10.) But "there is no textual limitation indicating that the virus must be present at the property. Rather, the clause excludes coverage for losses caused by the spread of viruses generally, and adds that it extends to both direct and indirect causation." *Stern & Eisenberg, P.C.*, 2021 WL 1422860, at *5 (citation omitted).

2. Salon Dare's Complaint (ECF No. 1) is **DISMISSED** with prejudice.

3. The Clerk shall close this case.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**